PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-9149
_____

D. C. Docket No. 95-CV-101


SAM NICHOLSON, and All Other Persons
or Entities Similarly Situated,

                              Plaintiffs-Appellants,


        versus


HOOTERS OF AUGUSTA, INC.,

                              Defendant-Cross-Claimant-
                              Third-Party Plaintiff-
                              Appellee,


BAMBI K. CLARK d.b.a. Value-Fax
of Augusta,

                              Defendant-Cross-
                              Defendant-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
**(March 10, 1998)**

Before DUBINA, Circuit Judge, and HILL and GIBSON[*], Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge:

Sam Nicholson appeals the district court's dismissal of his action against Hooters of Augusta, Inc. for failure to state a claim. Nicholson alleged that Hooters violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (1994), by sending unsolicited advertisements to Nicholson's facsimile machine. Nicholson contends the court erred in concluding that the Telephone Consumer Protection Act covers only interstate, and not intrastate, transmissions of unsolicited advertisements by facsimile, and that individual citizens may not bring suit under the Act. Because we conclude that Congress granted state courts exclusive subject matter jurisdiction over private actions under the Act, we vacate the judgment of the district court and remand with directions to dismiss this case for lack of subject

---

*Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

-2-

matter jurisdiction.

The Telephone Consumer Protection Act prohibits "any person within the United States... [from] us[ing] any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1)(C).  The Act creates a private right of action to obtain injunctive relief as well as to recover actual damages or $500.00, whichever is greater, for each violation.  47 U.S.C. § 227(b)(3).  The private right of action may be filed "if otherwise permitted by the laws or rules of court of a State,...in an appropriate court of that State."  Id.

Nicholson filed a complaint in the Superior Court of Richmond County, Georgia, alleging that Hooters violated the Telephone Consumer Protection Act by sending unsolicited advertisements to his facsimile machine.  The state court entered a temporary restraining order enjoining Hooters from sending further advertisements by facsimile.

Hooters removed the case to the United States District Court for the Southern District of Georgia.

Hooters then filed a motion to dismiss for failure to state a claim upon which relief could be granted, arguing that the Act did not apply to intrastate facsimiles, and that an individual could not bring a private right of action. The district court granted Hooters' motion to dismiss, ruling first that Nicholson could not maintain a private right of action. The court reasoned that the language in the Act providing that a private right of action could be brought "if otherwise permitted by the laws or rules of the court of a State," authorized a private right of action only if state law specifically authorized a private action. Because there was no specific provision for private actions under Georgia law, the court held there could be no private action in federal court. The court rejected Nicholson's argument that the Act provides for concurrent jurisdiction of private actions in state and federal courts. The court also held that the Telephone Consumer Protection Act applied only to interstate facsimile transmissions. Because Nicholson received an intrastate facsimile, the court held there could be no claim under the Act.

Nicholson appealed. After the district court's decision, the Fourth Circuit considered a similar action, International Science & Tech. Inst. Inc. v. Inacom Comm., Inc., 106 F.3d 1146 (4th Cir. 1997). The Fourth Circuit affirmed the district court's dismissal of the case for lack of subject matter jurisdiction. Id. At 1150. The Fourth Circuit reached the "somewhat unusual conclusion" that the Act vests jurisdiction only in state courts. Id. at 1150-1152.

Because the Act is silent as to federal court jurisdiction, the Fourth Circuit relied on several sources to determine whether the federal court had subject matter jurisdiction. The Fourth Circuit rejected the argument that section 227(b)(3) conferred jurisdiction to both the federal and state courts. The court determined that the permissive authorization contained in section 227(b)(3) did not confer federal court jurisdiction because the language was not a specific grant of authorization. Id. at 1151-52. The court interpreted the silence as to federal court jurisdiction and the express grant of jurisdiction to

state courts as telling for several reasons. The court found it "meaningful" that Congress explicitly mentioned only state courts because, in general, it is unnecessary to vest state courts with concurrent jurisdiction. <u>Id.</u> at 1152. The court found confirmation of its interpretation by the fact that section 227(f)(2) of the Act while authorizing state court jurisdiction for a private right of action, conferred exclusive federal jurisdiction over an action brought by a state attorney general. <u>Id.</u> "We find it significant that in enacting the [Telephone Consumer Protection Act], Congress wrote precisely, making jurisdictional distinctions in the very same section of the Act by providing that private actions may be brought in appropriate state courts and that actions by the states must be brought in the federal courts." <u>Id.</u> Also observing that other parts of the Communications Act of 1934 gave specific grants of jurisdiction, the court concluded that Congress would have authorized federal jurisdiction, if it so intended. <u>See</u> <u>id.</u>

The court also decided that the legislative history

of the Act supported its interpretation that Congress intended private actions to be treated as "small claims best resolved in state courts ... so long as the states allow such actions." Id. The Fourth Circuit rejected the argument that Congress intended to establish concurrent jurisdiction manifested through its preemptive occupation of interstate telecommunications for two reasons. Id. at 1153. First, it determined that even if the Act preempted substantive state law, the Act specifically provided for state courts to hear cases under the Act unless there was a contrary congressional intent. Id. Second, it noted that the Act specifically held that it did not preempt any state law that imposed more restrictive intrastate requirements or which prohibited certain practices. Id.

Finally, the Fourth Circuit determined that its decision that Congress intended to confer exclusive jurisdiction upon state courts was consistent with the Act's history and purpose, which was to allow consumers to easily and inexpensively enforce the Act. Id. at 1152-53.

In light of this decision, we requested additional briefing from the parties. After the parties submitted their supplemental briefs, the Fifth Circuit also held that Congress granted state courts exclusive subject matter jurisdiction over private actions under the Telephone Consumer Protection Act.[1] Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507 (5th Cir. 1997).

Like this case, the plaintiffs in Chair King brought a private suit under the Act. Id. at 509. The district court dismissed the claims brought under the Act, holding that the Act only regulates interstate telemarketing activity. Id. Following the lead of the Fourth Circuit, the Fifth Circuit vacated the judgment of the district court and remanded with directions to dismiss the case for lack of subject matter jurisdiction. Id. at 514.

---

[1]The district court for the Southern District of New York adopted the Fourth Circuit's approach in Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd., 975 F. Supp. 329 (S.D.N.Y. 1997). The district court of Indiana, however, ruled that the Act confers subject matter jurisdiction of private actions upon both state and federal courts. See Kenro, Inc. v. Fax Daily, Inc., 904 F. Supp. 912 (S.D. Ind. 1995), on reconsideration, 962 F. Supp. 1162 (S.D. Ind. 1997).

We have carefully examined the reasoning of the Fourth and Fifth Circuits and, we too, are persuaded that federal courts lack subject matter jurisdiction of private actions under the Act.

Like the Fourth and Fifth Circuits, we also reject Hooters's argument that federal-question jurisdiction exists under 28 U.S.C. § 1331 (1994) because Nicholson's complaint clearly presents a federal question as it alleges a violation of federal law. See International Science, 106 F.3d at 1154; Chair King, 131 F.3d at 510. We recognize that "as a general matter, a cause of action created by federal law will properly be brought in the district courts." 106 F.3d at 1154. Nevertheless, the general jurisdictional grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere. Id. Here, the text of the Act, including the specific grant of federal jurisdiction to state attorneys general, as well as the Act's legislative history, demonstrate that Congress intended to assign the private right of action to state courts exclusively.

Relying on Kenro, Inc. v. Fax Daily, Inc., 904 F.

Supp. 912 (S.D. Ind. 1995), on reconsideration, 962 F. Supp. 1162 (S.D. Ind. 1997), Hooters contends that the use of the permissive word "may" in section 227(b)(3) does nothing more than provide concurrent state and federal court jurisdiction. The Fourth Circuit, however, rejected this argument, reiterating that courts of limited jurisdiction require a specific grant of jurisdiction, and that it could not imply a grant of jurisdiction in light of the language of the Act, its history, and its purpose. International Science, 106 F.3d at 1151-52. For these same reasons, we cannot accept Hooters' argument that the federal court has concurrent jurisdiction.

Accordingly, we VACATE the judgment of the district court and REMAND the case to the district court with directions to dismiss this cause for lack of subject matter jurisdiction.