**John J. MURPHEY, Plaintiff,**

v.

**Warren LANIER, et al., Defendants.**

**No. 97–CV–1784–BTM(POR).**

United States District Court,
S.D. California.

March 30, 1998.

John J. Murphey, Pro se.

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.

MOSKOWITZ, District Judge.

### INTRODUCTION

This matter comes before the Court on the Court's Order To Show Cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff John Murphey, a practicing attorney, brought this action in *pro per,* alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C), which prohibits the use of any telephone facsimile machine to send an unsolicited advertisement to another telephone facsimile machine. (This provision is sometimes referred to affectionately as the "Junk Fax Act.") Murphey alleges that defendants sent unsolicited telephone facsimiles to his place of business. Murphey seeks an injunction against further violations, as well as $850 in damages. For the reasons stated below, the Court dismisses this action for lack of subject matter jurisdiction.

### ANALYSIS

The sole basis of statutory jurisdiction plaintiff invokes is that conferred by 28 U.S.C. § 1331. (*See* Cmplt. at ¶ 1) Plaintiff does not allege that there exists diversity of citizenship between him and any defendant. Consequently, whether this Court has subject matter jurisdiction over the action turns exclusively on whether such jurisdiction is conferred by § 1331.

## I. Federal Question Jurisdiction Under § 1331

Pursuant to § 1331, a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, a suit "arises under" the law that creates the cause of action. *See Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 773 (9th Cir.1995) (citing, *inter alia, American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (Holmes, J.)). Thus, if federal law creates a plaintiff's cause of action, § 1331 jurisdiction will generally be present. Alternatively, § 1331 jurisdiction may be present if a substantial question of federal law is a necessary element of the plaintiff's cause of action. *Id.* These traditional formulations of "arising under" jurisdiction are based on the venerable principle that a plaintiff must present a federal question on the face of his well-pleaded complaint in order to successfully invoke federal question jurisdiction under § 1331. *See Rivet v. Regions Bank of Louisiana,* —— U.S. ——, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

Despite the reliability of these traditional formulations of federal question jurisdiction, it must be remembered that district courts have only that jurisdiction which Congress grants through statute. *See Sheldon v. Sill,* 49 U.S. (8 How.) 441, 449, 12 L.Ed. 1147 (1850). Consequently, courts "have occasionally found that formally federal causes of action were not properly brought under federal question jurisdiction." *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 814 n. 12, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *see also Shoshone Mining Co. v. Rutter,* 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864 (1900) (holding no federal question jurisdiction exists over suits authorized by federal statute to determine mining claims).

Similarly, alleging violation of a federal statute is not always sufficient to invoke federal question jurisdiction. *See Cannon v. University of Chicago,* 441 U.S. 677, 688, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). "What ultimately must be determined is whether

Congress intended to create the private remedy asserted." *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15–16, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

In the end, jurisdiction turns on congressional intent. Despite the existence of general federal question jurisdiction provided by § 1331, jurisdiction over a formally federal cause of action may be lacking based upon the terms of a particular statute, as enacted by Congress.

## II. Jurisdiction Over Actions Arising Under § 227

The TCPA makes it is unlawful for any person within the United States to "use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). To facilitate private enforcement of this prohibition, § 227(b)(3) contains an explicit private right of action:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

Here, plaintiff alleges violation of the prohibitions contained in § 227(b)(1)(C). Under the well-pleaded complaint rule, plaintiff clearly states a claim arising under federal law, for it is federal law that creates plaintiff's cause of action. *See Seven Resorts,* 57 F.3d at 773. Though § 1331 serves as a general grant of subject matter jurisdiction to the district courts over suits "arising under" federal law, this general grant may be

circumscribed by other specific acts of Congress. *See, e.g.,* 28 U.S.C. § 1581(b) (granting Court of International Trade exclusive jurisdiction over actions brought under section 516 of the Tariff Act of 1930, 19 U.S.C. § 516); 33 U.S.C. § 921(c) (vesting federal courts of appeal with original jurisdiction to review agency orders under the Longshore and Harbor Workers' Compensation Act). Thus, the federal law that creates a cause of action may undoubtedly assign jurisdiction over that cause of action to courts other than the district courts. The question presented by this case is whether § 227 is such a federal law. This, of course, presents a question of congressional intent.

### A. The Text Of § 227 And Surrounding Provisions Of The Communications Act

The starting point must be the text of § 227 itself. *See, e.g., New York State Conf. of Blue Cross and Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Additional guidance may be sought from the statutory scheme within which § 227 resides. *See Medtronic, Inc. v. Lohr,* 518 U.S. 470, 116 S.Ct. 2240, 2251, 135 L.Ed.2d 700 (1996); *U.S. v. Fausto,* 484 U.S. 439, 453, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *U.S. v. Barbier,* 896 F.2d 377, 378 (9th Cir.1990).

■ In conferring state court jurisdiction over private suits brought under § 227, Congress used the term "may." The term "may" is generally permissive. *See* Webster's Third New International Dictionary 1396 (1986). Consequently, the use of the term "may" in a jurisdictional provision of a statute does not by itself confer exclusive jurisdiction on the court mentioned explicitly. *See, e.g., Tafflin v. Levitt,* 493 U.S. 455, 460–61, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) (holding that the RICO statute stating suit "may be brought in federal district courts" does not oust state courts of concurrent jurisdiction over RICO claims).[1]

---

1. Based upon the holding in *Tafflin,* the Fourth Circuit found the term "may" was indisputably permissive in the context of § 227 and that the term itself does not therefore confer exclusive jurisdiction on the court mentioned. *See Inter-*

*national Science & Technology Institute, Inc. v. Inacom Communications Inc.,* 106 F.3d 1146, 1151 (4th Cir.1997). Though the Supreme Court's holding in *Tafflin* certainly supports this conclusion, this Court notes that the term "may"

■ At first blush, therefore, it would seem that the holding in *Tafflin* might suggest that the use of the term "may" to confer state court jurisdiction implicitly confers federal jurisdiction as well. But this "reverse" application of *Tafflin*'s holding runs headlong into the principle that federal courts are courts of limited jurisdiction. In contrast to state courts of general jurisdiction, federal courts require an explicit statutory grant of jurisdiction. *See, e.g., Sheldon,* 49 U.S. at 449. Consequently, federal jurisdiction should not be implied from congressional silence. *See International Science & Technology Institute, Inc. v. Inacom Communications Inc.,* 106 F.3d 1146, 1151 (4th Cir.1997) (holding federal courts lack jurisdiction over private suits brought under § 227); *cf. Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). ("[I]mplying a private cause of action on the basis of congressional silence is a hazardous enterprise, at best.").

■ Here, congressional silence with respect to federal jurisdiction is meaningful. Because state courts are presumed to have concurrent jurisdiction over federal causes of action, it was unnecessary for Congress to confer jurisdiction on state courts explicitly, as it did in § 227. Reading § 227 as merely a permissive grant of jurisdiction to state courts would therefore render it superfluous. Congress presumably meant something more.

One clue as to its intention is found in § 227 itself. Subsection (f) of § 227 grants the Attorney General of a state (or other officials designated by a state) authority to bring an action under § 227 against any person engaged in a pattern or practice of transmissions that violate certain provisions of § 227. Over these suits, federal courts have *exclusive* jurisdiction. *See* 47 U.S.C. § 227(f)(2) ("Exclusive jurisdiction of Federal courts"). As is made clear by § 227(f)(2), Congress knew how to confer federal jurisdiction for certain actions arising under § 227, and when it chose to do so, it did so explicitly. In light of the explicit conferral of federal jurisdiction in § 227(f)(2), the con-

spicuous absence of any such explicit conferral in § 227(b)(3) is especially meaningful.

Other clues to congressional intent regarding federal jurisdiction under § 227(b)(3) can be found in other sections of the Communications Act. As the Fourth Circuit observed in *International Science,* many other sections of Title 47 confer federal jurisdiction explicitly. *See, e.g.,* 47 U.S.C. § 407 (authorizing suit in federal or state court for common carrier's failure to comply with order of payment); 47 U.S.C. § 535(c)(1) (authorizing suit in federal court or any other court of competent jurisdiction for unauthorized cable reception); 47 U.S.C. § 605(e)(3)(A) (authorizing civil action in federal court or any other court of competent jurisdiction for unauthorized publication). While Congress has in other provisions of the Communications Act expressed its intent to provide federal jurisdiction explicitly, it did not do so in § 227(b)(3).

Based on the text of § 227(b)(3) itself, other subsections of § 227, and other provisions of the Communications Act within which § 227 is codified, the Court concludes that Congress's intent was to foreclose federal question jurisdiction over private actions brought under § 227. *See International Science,* 106 F.3d at 1153; *accord Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 510 (5th Cir.1997) (holding federal courts lack subject matter jurisdiction over private suits brought under § 227).

### B. The Legislative History Of § 227

The legislative history of the private right of action provision contained in § 227(b)(3) supports this conclusion. Senator Hollings, the sponsor of the bill, explained this private right of action as follows:

The substitute bill contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State court against any entity that violates the bill. The bill does not, because of constitutional constraints, dic-

can also be used to "express a wish or desire," and may even be used as a synonym for "shall"

or "must." *See* Webster's Third New International Dictionary 1396 (1986).

**1352**

tate to the States which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine. Nevertheless, it is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court . . . . Small claims court or a similar court would allow the consumer to appear before the court without an attorney. The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages. I thus expect that the States will act reasonably in permitting their citizens to go to court to enforce this bill.

137 Cong. Rec. S16205–06 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings).

Although Senator Hollings did not explicitly state that only state court jurisdiction was appropriate, the clear thrust of his statement is that state courts are the intended fora for private actions brought under § 227. *See International Science*, 106 F.3d at 1153; *accord Chair King*, 131 F.3d at 513.

As Senator Hollings noted, Congress intended to provide a remedy for unsolicited facsimiles that was cost-efficient, preferably one in small claims court that did not require retention of an attorney. The formalities and complexities of district court procedure would impose financial and time burdens on plaintiffs that would frustrate the goal of cost-effectiveness. If federal court jurisdiction were present over actions brought under § 227, plaintiffs would often be unable to proceed in state small claims court, because their forum choice would be easily thwarted by removal jurisdiction. Removal would not only subject plaintiffs to the formalities of the district courts, but would itself represent an added level of procedure and delay. This added expense and delay might well discourage putative plaintiffs from bringing suit under § 227 in the first place. Simply put, Congress wisely foresaw that requiring plaintiffs to proceed in federal court would create a procedural burden that might cause prospective plaintiffs to forego remedial action under § 227 altogether.

In creating a private cause of action for the receipt of unsolicited facsimiles, Congress sought to create a speedy, effective, and inexpensive remedy. Implying federal jurisdiction over such suits would increase their cost and complexity, the very situation that Senator Hollings's comments demonstrate Congress intended to prevent. Thus, the legislative history of § 227 is in harmony with the conclusion this Court reaches based upon textual analysis: that Congress did not intend for there to be federal jurisdiction over private actions brought under § 227.

## CONCLUSION

For the reasons stated above, this Court holds that there is no federal question jurisdiction over private actions brought under 47 U.S.C. § 227. There being no subject matter jurisdiction over this action, it is hereby DISMISSED.

**IT IS SO ORDERED.**