John J. MURPHEY, an individual,
Plaintiff–Appellant,

v.

Warren LANIER, an individual; RJD
Enterprises, a partnership; Does,
1–5, Defendants–Appellees.

No. 98–55755.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1999

Decided Feb. 25, 2000

Matthew D. Murphey, Murphey & Murphey, A.P.C., Carlsbad, California, for plaintiff/appellant John J. Murphey.

No appearance for the defendants-appellees.

Before: D.W. NELSON,
BOOCHEVER, and T.G. NELSON,
Circuit Judges.

BOOCHEVER, Circuit Judge:

John J. Murphey is a lawyer, a sole practitioner specializing in patents, copyrights, and trademarks. Murphey received an unsolicited facsimile transmission advertising computer systems during business hours on September 29, 1997.

Two days later, on October 1, 1997, Murphey filed a complaint in federal district court against Warren Lanier and his employer, RJD Enterprises ("RJD"), a computer leasing company. Murphey's complaint alleged that Lanier and RJD had violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Murphey sought $500 in damages and an injunction preventing Lanier and RJD from sending unsolicited facsimile advertisements. Lanier and RJD filed a "response" claiming that they did not send the fax.

The district court issued a sua sponte order to show cause why the action should not be dismissed for lack of subject matter jurisdiction, in light of the Fourth Circuit Court of Appeals decision in *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir.1997). Murphey filed an opposition to the order to show cause, arguing that the TCPA created a private right of action in federal court. The court filed an order dismissing the complaint for lack of subject matter jurisdiction. *See Murphey v. Lanier,* 997 F.Supp. 1348 (S.D.Cal. 1998).

Murphey appeals.

## DISCUSSION

■ This court reviews de novo the dismissal of a complaint for lack of subject matter jurisdiction. *United States v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir.1999).

■ Murphey's complaint alleged that the district court had jurisdiction under 28 U.S.C. § 1331 (1993). As discussed comprehensively in the district court's published opinion, § 1331 provides that the district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because a suit generally "arises under" the statute that creates the cause of action, "if federal law creates a plaintiff's cause of action, § 1331 jurisdiction will generally be present." *Murphey,* 997 F.Supp. at 1349.

■ The federal law allegedly creating Murphey's cause of action is 47 U.S.C. § 227, which states, "[i]t shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The statute provides for an explicit private right of action for an injunction or damages:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

47 U.S.C. § 227(b)(3). Murphey contends that because his cause of action arises under the federal statute, the federal district court has jurisdiction. Although the statute explicitly provides for a private cause of action in state court, Murphey argues that federal jurisdiction also exists

because the statute states that an action "may" rather than "must" be brought in state court.

At the time of Murphey's district court case, the Fourth Circuit had rejected similar arguments in *International Science*. Like Murphey, the plaintiff in that case brought suit in federal district court against the sender of unsolicited facsimile transmissions, asking for damages and an injunction. The Fourth Circuit examined the text of the statute, agreeing with the plaintiff that the word "may" in § 227(b)(3) "is permissive, simply authorizing suit in state court by a person who elects to enforce the federal right. Use of the term 'may' does not itself confer exclusive jurisdiction on the court mentioned." 106 F.3d at 1151.

Nevertheless, the Fourth Circuit explained that state courts are courts of general jurisdiction, "presumed to have jurisdiction over federally created causes of action unless Congress indicates otherwise." *Id.* at 1152. A provision that suit "may" be brought in such a court "cannot confer jurisdiction on unmentioned courts of *limited* jurisdiction, which require a specific grant." *Id.* at 1151. Because federal courts may hear only those cases specifically authorized by Congress, and because the statute does not specifically state that a federal district court may hear a claim under the TCPA, the Fourth Circuit concluded that the language of the statute showed that "when, in § 227(b)(3) of the TCPA, Congress authorized jurisdiction over private actions in state courts without mentioning federal courts, it did not intend to grant jurisdiction over TCPA claims in federal district courts." *Id.* at 1152. This construction of the statute is bolstered by explicit grants of federal jurisdiction which occur in other sections of the TCPA. *See, e.g.,* 47 U.S.C. § 227(f)(2) (granting exclusive jurisdiction to federal courts over actions brought by state attorney generals); *id.* § 497 (authorizing suit in federal or state court for common carrier's failure to

comply with order of payment). *See also International Science,* 106 F.3d at 1152.

Further, the Fourth Circuit noted that the legislative history supported the conclusion that there was no federal jurisdiction, as Congress intended to provide a cost-efficient remedy for unsolicited facsimiles: private actions under the TCPA should "be treated as small claims best resolved in state courts designed to handle them, so long as the states allow such actions." *Id.* There was no mention in the legislative history of federal court jurisdiction over private actions.

The district court agreed with the Fourth Circuit:

> In creating a private cause of action for the receipt of unsolicited facsimiles, Congress sought to create a speedy, effective, and inexpensive remedy. Implying federal jurisdiction over such suits would increase their cost and complexity, the very situation that [the legislative history] demonstrate[s] Congress intended to prevent. Thus, the legislative history of § 227 is in harmony with the conclusion this Court reaches based upon textual analysis: that Congress did not intend for there to be federal jurisdiction over private actions brought under § 227.

*Murphey,* 997 F.Supp. at 1352.

Four other circuits have since joined the Fourth Circuit in concluding that there is no private cause of action in federal court under the TCPA. *See ErieNet, Inc., v. Velocity Net, Inc.,* 156 F.3d 513, 520 (3d Cir.1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.,* 156 F.3d 432, 438 (2d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1289, *modified,* 140 F.3d 898 (11th Cir.1998); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 514 (5th Cir.1997). Only one district court has reached the opposite conclusion in a published decision. *See Kenro, Inc. v. Fax Daily, Inc.,* 904 F.Supp. 912, 914 (S.D.Ind. 1995); *see also Kenro, Inc. v. Fax Daily, Inc.,* 962 F.Supp. 1162, 1164 (S.D.Ind.1997)

**914**

(reiterating conclusion that federal subject matter exists).

Murphey argues that in the Ninth Circuit, "may" has a more expansive meaning than elsewhere. He cites no cases for such a proposition except one discussing the meaning of "include." *See Federal Trade Comm'n. v. MTK Mktg., Inc.,* 149 F.3d 1036, 1040 (9th Cir.1998), *cert. denied,* 525 U.S. 1139, 119 S.Ct. 1028, 143 L.Ed.2d 38 (1999). Nevertheless, the conclusion that there is no federal jurisdiction over private actions under the TCPA does not hang on the meaning of the word "may," but on the statute's express mention of state court jurisdiction and its silence on the matter of federal jurisdiction. Because federal court jurisdiction is limited to that conferred by Congress, the express reference to state court jurisdiction does not mean that federal jurisdiction also exists; instead, the failure to provide for federal jurisdiction indicates that there is none. *See International Science,* 106 F.3d at 1153–54; *ErieNet,* 156 F.3d at 516–17; *Foxhall Realty,* 156 F.3d at 435; *Nicholson,* 136 F.3d at 1288–89; *Chair King,* 131 F.3d at 510–11.

Murphey also argues that the district court's failure to find federal jurisdiction over his private right of action "thwarts the obvious purpose of the statute," because California law does not allow an equivalent private state cause of action for unsolicited facsimile transmissions.[1] The gist of his argument is that because California courts do not provide him with all of the remedies provided by the TCPA, there must be jurisdiction in federal court.

■ This ignores the TCPA's statement that a private right of action may be brought in state court "if otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227(b)(3). The statute thus contemplates that private actions will be litigated in state court "if the state consents." *International Science,* 106 F.3d at 1154. A litigant may find that there is no remedy in state court, but that does not deprive citizens of the right to be free from unsolicited facsimile transmissions, confer federal jurisdiction over a private action, or violate the Fourteenth Amendment:

> [The] substantive right [to be free from unsolicited faxes] is enforceable by state attorneys general or the Federal Communications Commission irrespective of the availability of a private action in state court. Rather, the clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. Thus, a state could decide to prevent its courts from hearing private actions to enforce the TCPA's substantive rights. To that extent, the existence of a *private* right of action under the TCPA could vary from state to state. That inequality, however, touches only a statutory permission to enforce privately the same substantive rights which both the state and the federal government can enforce in federal court through other mechanisms.

*Id.* at 1156; *see Foxhall Realty,* 156 F.3d at 438.

■ Murphey also claims that the statute violates the Tenth Amendment by forcing the states to enforce a federal law. But as noted above, the statute explicitly allows states to choose whether to allow their courts to enforce the federally created right. *See International Science,* 106 F.3d at 1157.

While the courts of appeal have unanimously rejected Murphey's arguments, we agree with the acknowledgment of several circuits that the issues are not easy:

> We recognize at the outset that the circumstances of this case are unique.

---

1. Murphey quotes Cal. Bus. and Prof.Code § 17538.4, which provides that the sending of an unsolicited facsimile is an "infraction punishable by a fine" and contends that the state statute provides for a government prosecution, not a private action. He also argues that even if he could bring an action under the federal statute in state small claims court, he could not include a claim for injunctive relief.

We are confronted with "an unusual constellation of statutory features." [quoting *Chair King*, 131 F.3d at 512] A federal statute creates a private cause of action. The statute is not silent as to where such actions may be brought; rather, it refers potential plaintiffs to the state courts. Neither the text nor the legislative history makes any reference to federal courts. Furthermore, the statute does not appear to reflect any significant federal interest, or one that is uniquely federal. It does not reflect an attempt by Congress to occupy this field of interstate communication or to promote national uniformity of regulation. Rather, Congress recognized that state regulation of telemarketing activity was ineffective because it could be avoided by interstate operations. Federal legislation was necessary in order to prevent telemarketers from evading state restrictions.

*ErieNet*, 156 F.3d at 515; *see Foxhall Realty*, 156 F.3d at 437 (even if unusual, not unprecedented to limit private enforcement to state court).

We join the Second, Third, Fourth, Fifth, and Eleventh Circuits in "'the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by' a federal statute, the Telephone Consumer Protection Act of 1991." *Foxhall Realty*, 156 F.3d at 434 (citations omitted) (quoting *International Science*, 106 F.3d at 1150).

AFFIRMED.