Joseph R. COMPOLI, Jr., Plaintiff,

v.

AVT CORPORATION,
et al., Defendants.

No. 1:00 CV 1192.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 3, 2000.

James R. Goodluck, Cleveland Heights, OH, for Joseph R. Compoli, Jr.

Bruce G. Hearey, Timothy G. Warner, Spieth, Bell, McCurdy & Newell, Cleveland, OH, for Cleveland Cavs, Clear Channel Communications, Inc., WTAM 100 Radio.

Stuart J. Goldberg, Michael William Regnier, Eastman & Smith, Toledo, OH, for Feld Entertainment, Inc., Center Ring Circus.

## ORDERS GRANTING MOTION TO RECONSIDER AND REMANDING TO STATE COURT

WELLS, District Judge.

On 18 April 2000, plaintiff Joseph R. Compoli, Jr. filed suit in the Court of Common Pleas for Cuyahoga County, Ohio, seeking damages pursuant to the federal Telephone Consumer Protection Act (47 U.S.C. § 227) (the "TCPA"). According to the complaint, the defendants had sent unsolicited advertisements via Mr. Compoli's facsimile machine in violation of that statute. The defendants removed the case to this Court on 10 May 2000. On 22 May 2000, Mr. Compoli filed a motion to remand the case to state court for lack of subject matter jurisdiction. The motion was denied on 6 July 2000. The case is now before the Court on Mr. Compoli's 14 July 2000 motion that this Court reconsider its denial and remand the case, and on the defendants' papers in opposition.

Construing Plaintiff's motion to reconsider as a motion to alter or amend pursuant to Fed.R.Civ.P. 59(e), the motion is granted and, for the reasons below set forth, plaintiff's motion to remand will be granted.

Congress passed the TCPA in 1991 to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S.Rep. No. 102–178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N.1968, 1968. The statute reads in relevant part as follows:

(b)(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to received $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

. . .

(f) Actions by States

(1) Authority of States

Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents to enjoin such calls. . . .

(2) Exclusive jurisdiction of Federal courts

The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection.

47 U.S.C. §§ 227(b)(3), (f)(1)-(2).

Under the plain language of the TCPA, a state attorney general who chooses to bring a civil action under this statute must appear in federal court because the federal district courts have "exclusive jurisdiction." 247 U.S.C. § 227(f)(2).[1] However,

---

1. The statute also permits the Federal Com-

munications Commission to intervene in any

if private parties choose to bring an action, the plain language of the statute expressly allows them to bring actions in *state* court.[2] This provision is silent with respect to the authority of the federal courts.

At issue here is the question whether the statute's silence with respect to private civil actions permits federal district courts to exercise jurisdiction over them. Although the Sixth Circuit has not yet spoken on this issue, the Second, Third, Fourth, Fifth, Ninth, and Eleventh Circuits have all held the TCPA does not permit such jurisdiction. *Murphey v. Lanier*, 204 F.3d 911 (9th Cir.2000); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir.1998); *Foxhall Realty Law Off. Inc. v. Telecommunications Premium Servs. Ltd.*, 156 F.3d 432 (2d Cir.1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1287–88 (11th Cir.1998), *modified in* 140 F.3d 898 (11th Cir.1998); *International Science & Technology Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir.1997); and *Chair King., Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir.1997).

Defendants urge the court to answer the TCPA's silence regarding federal courts and the private right of action it authorizes by relying on federal question jurisdiction, 28 U.S.C. § 1331, as the district court did in *Kenro, Inc. v. Fax Daily, Inc.*, 904 F.Supp. 912, 915 (S.D.Ind.1995) and 962 F.Supp. 1162 (S.D.Ind.1997). Since the first *Kenro* opinion, six federal Circuits have considered the question and have not only held there is no private cause of action in federal court under the TCPA, but also that: such holding does not violate the 14th Amendment even if a particular state makes no private action available; that Congress's permissive authorization in a statute of a state cause of action cannot create jurisdiction in unstated courts of limited jurisdiction; that the general grant of federal question jurisdiction in 28 U.S.C. § 1331 does not apply where Congress, in creating a cause of action, specifically provides for jurisdiction elsewhere; and that the provision in this federal statute for exclusive state jurisdiction over private actions does not violate the Tenth Amendment.

This Court concurs with the reasoning of federal courts of appeals which have considered the question and finds it does not have subject matter jurisdiction over this private right of action claim brought under the TCPA.

Therefore, this Court vacates its order of 6 July 2000 and remands the case to the Court of Common Pleas of Cuyahoga County, Ohio.

IT IS SO ORDERED.

---

state attorney general's action. 47 U.S.C. § 227(f)(3).

**2.** The sponsor of the 1991 legislation, Senator Hollings, hoped this private action would "allow consumers to bring an action in State court against any entity that violates the bill." He also "hope[d] that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court," noting "it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages." 137 Cong. Rec. S16204–01 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings).