Dolores HOLGUIN, Plaintiff–Appellant,

v.

FLOOD CONTROL DISTRICT OF GREENLEE COUNTY, ARIZONA, a political subdivision of the State of Arizona; et al., Defendants–Appellees.

No. 02–17415.

D.C. No. CV–01–00482–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Dolores Holguin appeals pro se the district court's judgment dismissing with prejudice his action challenging the compensation he received as relocation benefits from the Clifton, Arizona Flood Control Project when his mobile home was

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

damaged in a 1983 flood. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Murphey v. Lanier,* 204 F.3d 911, 912 (9th Cir.2000) (lack of subject matter jurisdiction); *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996) (failure to state a claim). We affirm.

The district court properly dismissed Holguin's claims against the state agency defendants because Holguin failed to show an express waiver of Eleventh Amendment immunity or make a proper request for prospective injunctive relief. *See Yakama Indian Nation v. Wash. Dep't of Revenue,* 176 F.3d 1241, 1245 (9th Cir.1999)

The district court properly concluded that it lacked jurisdiction over Holguin's claims against the Federal Emergency Management Agency. *See Graham v. Fed. Emergency Mgmt. Agency,* 149 F.3d 997, 1001 & n. 1 (9th Cir.1998) (holding that the Stafford Act does not create a private right of action). The district court also properly concluded that Holguin failed to state a claim against the remaining defendants. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (holding that the district court is not required to accept as true conclusory allegations, unwarranted deductions of fact, or unreasonable inferences), *amended by* 275 F.3d 1187 (9th Cir.2001).

We decline to consider Holguin's contentions raised for the first time on appeal. *See In re Jan Weilert RV, Inc.,* 315 F.3d 1192, 1199 (9th Cir.2003), *amended by* 326 F.3d 1028 (9th Cir.2003).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.