NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  12a0402n.06

No. 10-1998

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| IMHOFF INVESTMENT, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ALFOCCINO OF AUBURN HILLS, INC., | ) | EASTERN DISTRICT OF MICHIGAN |
| and ALFOCCINO, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  DAUGHTREY, COLE, and ROGERS, Circuit Judges.

PER CURIAM.  The plaintiff, Imhoff Investment, LLC, appeals the district court's order dismissing its complaint for lack of subject-matter jurisdiction.  Imhoff brought a claim pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(3), which provides for a private right of action in state court.  The district court dismissed the complaint, holding that the TCPA did not confer federal-question jurisdiction.  28 U.S.C. § 1331.  In doing so, the district court correctly noted that the majority of circuit courts addressing this issue have held that the TCPA does not authorize a private cause of action in federal court and that jurisdiction in section 227(b)(3) cases lies exclusively in state court.  *See Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000) ("We join the Second, Third, Fourth, Fifth, and Eleventh Circuits in the somewhat unusual conclusion that state

courts have exclusive jurisdiction over a cause of action created by a federal statute, the Telephone Consumer Protection Act of 1991.") (internal quotation marks omitted), *abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

Nevertheless, while the instant appeal was pending, another panel of this court reached a conclusion contrary to the majority rule, interpreting the TCPA to confer *non-*exclusive jurisdiction over private actions filed in state court under section 227(b)(3). *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463 (6th Cir. 2010) ("[T]he district court had federal-question jurisdiction over the claims under the Telephone Act and pendent jurisdiction over the rest of the claims."). We have long held that a "panel of this [c]ourt cannot overrule the decision of another panel." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Thus, *Charvat* "remains controlling authority [in the Sixth Circuit] unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this [c]ourt sitting en banc overrules the prior decision." *Id.* In the absence of either occurrence, we conclude that the district court has subject-matter jurisdiction in this case and, therefore, REVERSE the judgment of the district court and REMAND the matter for further proceedings.