[710 NYS2d 368]

Melissa Schulman, Respondent, v Chase Manhattan Bank, Appellant.

Second Department, June 12, 2000

## APPEARANCES OF COUNSEL

*Barry, McTiernan & Moore,* New York City (*William E. Fay, III* and *Laurel A. Wedinger* of counsel), for appellant.

*Scott Star,* Brooklyn, for respondent.

### OPINION OF THE COURT

O'BRIEN, J. P.

This appeal presents the issue of whether a private right of action under the Telephone Consumer Protection Act of 1991 (47 USC § 227 [hereinafter the TCPA]) may be brought in a New York State court. We conclude that it may.

The TCPA was enacted to address telemarketing abuses, in particular, those attributable to the use of automated telephone calls that deliver prerecorded messages. The TCPA was designed to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers" (Senate Rep No. 102-178, 102d Cong, 1st Sess 1, reprinted in 1991 US Code Cong & Admin News 1968). At the time the TCPA was enacted, over 40 States, including New York (*see,* General Business Law § 399-p), had enacted legislation restricting unsolicited telemarketing; however, those measures had limited effect since States do not have jurisdiction over interstate calls (*see,* 1991 US Code Cong & Admin News, 1970).

Insofar as is relevant to this appeal, the TCPA places restrictions on the use of certain telephone equipment, such as an "automatic telephone dialing system" (hereinafter ATDS). An ATDS stores numbers to be called and can dial such numbers. The TCPA prohibits any person from, *inter alia,* initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the party (*see,* 47 USC § 227 [b] [1] [B]). This subdivision of the TCPA provides for a private right of action:

"A person or entity may, *if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State*—

"(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

"(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

"(C) both such actions" (47 USC § 227 [b] [3]; emphasis added).

If the court finds that the violation was willful or knowing, it has the discretion to award an amount three times the amount specified above.

The TCPA also includes a subdivision on the protection of residential telephone subscribers' privacy rights with respect to telephone solicitations. This subdivision, relied upon by the plaintiff in the case at bar, includes a provision establishing a private right of action:

"A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, *if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State*—

"(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

"(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

"(C) both such actions" (47 USC § 227 [c] [5]; emphasis added).

This provision also permits an award of treble damages for a willful or knowing violation of the TCPA regulations.

The TCPA further prohibits any person from making a telephone call using any ATDS that does not comply with the provisions of the act. The Federal Communications Commission (hereinafter FCC) was required to prescribe standards for systems that are used to transmit any artificial or prerecorded telephone message, including a requirement that all artificial or prerecorded telephone messages shall identify, at the beginning of the message, the individual or business making the call (*see,* 47 USC § 227 [d] [1] [A]; [3]).

The plaintiff, Melissa Schulman, commenced this action in the Supreme Court, Kings County, against Chase Manhattan

Bank (hereinafter Chase) in November 1998 to recover damages pursuant to the TCPA. She alleged that, beginning about June 29, 1998, she began receiving automated or prerecorded telephone calls on her residential telephone line which eventually numbered about 60. She alleged that Chase initiated such calls without her consent and that the calls did not identify the business or entity initiating the calls. On July 15, 1998, she orally requested that the bank cease the unsolicited calls and, on July 20, 1998, she made the same request in writing. Despite her requests, the unsolicited telephone calls continued and numbered approximately 75. The complaint alleged that these telephone calls were a nuisance, violated her privacy rights, and restricted her use of the telephone. She asserted a claim pursuant to the TCPA.

Chase moved to dismiss the complaint on the ground that it failed to state a cause of action. Specifically, Chase contended that a private right of action under the TCPA in State court was conditioned on the existence of State statutory or regulatory authority permitting such a private right of action, and that there was no such authority in New York State.

We note that, on a motion to dismiss for failure to state a cause of action, the plaintiff's allegations are presumed to be true and all inferences must be resolved in favor of the plaintiff (*see, Cron v Hargro Fabrics,* 91 NY2d 362, 366; *Leon v Martinez,* 84 NY2d 83, 87-88). No issue has been raised or considered as to the merits of the plaintiff's claims.

The position advocated by Chase is that the phrase "if otherwise permitted by the laws or rules of court of a State" in section 227 (b) (3) and (c) (5) of the TCPA imposes a requirement that the States enact legislation or regulations which expressly authorize the prosecution of a private right of action in the State courts. We conclude that such an interpretation of the statute is inconsistent with established principles governing State court jurisdiction over claims based on Federal laws.

State courts are courts of general jurisdiction and are presumed to have jurisdiction over Federally created causes of action unless Congress dictates otherwise (*see, Tafflin v Levitt,* 493 US 455; *see also, Yellow Frgt. Sys. v Donnelly,* 494 US 820, 823; *International Science & Technology Inst. v Inacom Communications,* 106 F3d 1146; *Simpson Elec. Corp. v Leucadia, Inc.,* 72 NY2d 450, 455). "Federal law is enforceable in state courts not because Congress has determined that Federal courts would otherwise be burdened or that state courts might provide a more convenient forum—although both might well be

true—but because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature. The Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a co-ordinate responsibility to enforce that law according to their regular modes of procedure" (*Howlett v Rose*, 496 US 356, 367).

Further, with respect to the TCPA, Congress has clearly expressed its intent that State courts have jurisdiction over private claims under the statute. In fact, the TCPA is unusual in that it gives State courts exclusive jurisdiction over private rights of action and limits Federal court jurisdiction to civil actions to enforce the TCPA brought by State Attorneys General or the Federal Communications Commission (*see, Murphey v Lanier*, 204 F3d 911; *Foxhall Realty Law Offs. v Telecommunications Premium Servs.*, 156 F3d 432; *International Science & Technology Inst. v Inacom Communications, supra; Chair King v Houston Cellular Corp.*, 131 F3d 507; 47 USC § 227 [f] [2]).

The legislative history of the TCPA demonstrates that Congress made a deliberate choice to confer exclusive jurisdiction in State courts in order to facilitate enforcement of the act by individual consumers (*see, Foxhall Realty Law Offs. v Telecommunications Premium Servs., supra; International Science & Technology Inst. v Inacom Communications, supra*). Senator Hollings, the sponsor of the bill, in urging its passage, explained the provision permitting private rights of action by consumers in State courts:

"The substitute bill contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State court against any entity that violates the bill. The bill does not, because of constitutional constraints, dictate to the States which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine. Nevertheless, it is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court. * * *

"Small claims court or a similar court would allow the consumer to appear before the court without an attorney. The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages. I

thus expect that the States will act reasonably in permitting their citizens to go to court to enforce this bill" (137 Cong Rec S16205-16206 [Nov. 7, 1991]).

Although State courts share responsibility for enforcing Federal law, and Congress clearly intended State courts to take responsibility for enforcing private rights under the TCPA, "[t]he requirement that a state court of competent jurisdiction treat Federal law as the law of the land does not necessarily include within it a requirement that the State create a court competent to hear the case in which the federal claim is presented" (*Howlett v Rose, supra,* at 372). A State court may decline jurisdiction based on a valid excuse, such as its own neutral rules of judicial administration (*see, Howlett v Rose, supra; see also, Testa v Katt,* 330 US 386). But if the exercise of a State court's ordinary jurisdiction under established local laws is "appropriate to the occasion and is invoked in conformity with those laws," a State court may not refuse jurisdiction over a claim based on Federal law (*Mondou v New York, New Haven & Hartford R. R. Co.,* 223 US 1, 57; *see also, Testa v Katt, supra,* at 394).

We therefore conclude that the phrase "if otherwise permitted by the laws or rules of court of a State" merely acknowledges the principle that States have the right to structure their own court systems and that State courts are not obligated to change their procedural rules to accommodate TCPA claims. In the case at bar, Chase has not asserted the existence of any procedural rules which would prevent the Supreme Court from exercising jurisdiction over the plaintiff's claim. Furthermore, the State courts' ordinary jurisdiction includes claims for damages arising under a similar State law directed at telemarketing abuses, General Business Law § 399-p.

Accordingly, we hold that a private right of action may be brought in State court pursuant to the TCPA, and that the plaintiff's complaint states a cause of action under the statute (*accord, Kaplan v Democrat & Chronicle,* 266 AD2d 848); and the order is affirmed, with costs.

JOY, FLORIO and H. MILLER, JJ., concur.

Ordered that the order is affirmed, with costs.