OPINION OF THE COURT
Zelda Jonas, J.
*441 Plaintiff had. commenced a class action for an alleged violation of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as TCPA), which prohibits the transmission of an unsolicited or “junk” advertisement to telephone facsimile (fax) machines (47 USC § 227 [b] [1] [C]). Plaintiff allegedly-received an unsolicited fax for commercial advertisement in “The Spanish Yellow Pages of New York” (cross motion, exhibit C). The statutory penalty for such conduct, if true, is the actual monetary loss from such a violation or $500, whichever is greater (47 USC § 227 [b] [3]). The provision also allows for treble damages for willful conduct. Plaintiff has not stated any actual monetary loss as damages in the class action complaint (cross motion, exhibit A) but rather seeks the statutory damages, attorney’s fees, and costs. The statute does not specifically provide for a class action for said penalty, and plaintiff has attempted to categorize same as a class action under CPLR 901.
Defendant has moved for a protective order against plaintiff for certain items requested in the interrogatories and demand for discovery and inspections which clearly pertains to plaintiff s attempt to establish a class action rather than discovery to maintain an individual suit on plaintiff’s behalf. Defendant moves for a protective order upon the ground that plaintiff s class action for a statutory penalty is specifically not allowed under CPLR 901 since the Telephone Consumer Protection Act of 1991 does not provide for class actions. Plaintiff has never moved to certify the class action within the time frame required by CPLR 902.
Plaintiff has cross-moved for an order to strike defendant’s pleadings for failure to comply with the discovery demands, enjoining defendants from continuing to violate the TCPA statute, and for an order extending plaintiffs time to move for a class certificate.
The Telephone Consumer Protection Act of 1991 “was enacted to address telemarketing abuses . . . [and] was designed to ‘protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([flax) machines and automatic dialers’ ” (Schulman v Chase Manhattan Bank, 268 AD2d 174, 175 [2000], citing Senate Rep No. 102-178, 102d Cong, 1st Sess, at 1, reprinted in 1991 US Code Cong & Admin News, at 1968). The TCPA was enacted in many states including New York (see, General Business Law § 399-p).
*442 The TCPA statute is unusual in that Congress clearly expresses its intent that the state courts have exclusive jurisdiction over private claims under the statute in order to facilitate enforcement of the act by individual consumers and limits federal court jurisdiction to only civil actions to enforce the TCPA brought by the State Attorneys General or the Federal Communications Commission (Schulman, supra at 178; Foxhall Realty Law Offs., Inc. v Telecommunications Premium Servs., Ltd., 975 F Supp 329 [1997], affd 156 F3d 432 [2d Cir 1998]).
When federal claims are brought in a state court, the state procedures control (Brown v Western Ry. of Ala., 338 US 294 [1949]; Minneapolis & St. Louis R.R. Co. v Bombolis, 241 US 211 [1916]). Hence, the New York Civil Practice Law and Rules are procedural in nature, and therefore CPLR 901 governing class actions is controlling as to whether plaintiff has a valid class action in this case. (See, Cox v Microsoft, 290 AD2d 206 [2002].) Subdivision (b) of section 901 provides that: “(b) Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.”
The TCPA statute does not specifically provide for a class action to collect the $500 damages, and said $500 damages is a “penalty” (Rudgayzer & Gratt v LRS Communications, 3 Misc 3d 159 [2003]), or a “minimum measure of recovery” created or imposed by the TCPA statute. Further, the allowance of treble damages under the TCPA is punitive in nature and constitutes a penalty. New York courts have historically concluded that treble damages are punitive in nature (Fults v Munro, 202 NY 34, 41 [1911]; Potter v Bierwirth, 171 App Div 175 [1916]; Lyke v Anderson, 147 AD2d 18, 28 [1989]). Upon this basis, courts have disallowed class actions for treble damages under the Donnelly Act for unfair trade practices where the statute does not specifically provide for same (Asher v Abbott Labs., 290 AD2d 208, 209 [2002]). Therefore, plaintiff is barred from maintaining a class action pursuant to CPLR 901 (b).
Accordingly, defendant’s motion for a protective order is granted in its entirety, and plaintiffs cross motion is denied.
Since plaintiff only has an individual cause of action for statutory damages of $500, the above-entitled action is hereby removed from the Supreme Court and transferred to the Nas *443 sau County District Court to the Honorable Steven Jaeger to be heard, tried, and determined as if originally brought therein, subject to the provisions of CPLR 325 (d).